LA O, DEMANDANTE Y APELADA, v. RODRÍGUEZ, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre *injunction*.

No. 2239.—Resuelto en junio 21, 1920.

INJUNCTION PARA RECOBRAR LA POSESIÓN—DESLINDE Y MENSURA.—El hecho de
que el dueño de una finca rústica no se oponga a la práctica de mensura y
deslinde de una propiedad colindante con la suya no le priva de su derecho a
acudir al remedio de *injunction* que provee la ley de marzo 13, 1913, al ob-
jeto de recobrar cualquier porción de terreno de que se le hubiera desposeído
sin su consentimiento como consecuencia de la mensura y deslinde, el cual no
da ni quita derechos y deja intactas las cuestiones de posesión y propiedad,
pues su único fin es aclarar y fijar la división y límites de las fincas, evitar
que se confundan o desaparezcan los antiguos linderos y prevenir los pleitos
que de tal confusión pudieran originarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Sánchez Montalvo.*

Abogado de la apelada: *Sr. J. F. Fernández Coronas.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El presente es un caso de *injunction* promovido ante la
Corte de Distrito de Ponce por Bernarda La O contra José
Rodríguez de acuerdo con la Ley No. 43 aprobada en 13 de
marzo de 1913, para que se la restituya en la posesión de
cierta parcela de terreno que describe en la demanda, ale-
gando como hechos determinantes de su acción que es dueña
de una finca de once cuerdas veinte y cinco céntimos radicada
en el barrio de "Guaraguao" del término municipal de Ponce,
colindante por el norte con tierras del demandado José Ro-
dríguez, y que éste personalmente y auxiliado por otras per-
sonas por orden del mismo, había destruído puntos y linde-
ros, y se introdujo en ella privando a la demandante por
actos violentos y fraudulentos de la posesión de una faja
de terreno como de 50 céntimos de cuerda, por la parte norte
en colindancia con Rodríguez, aprovechándose también del
café producido por dicha faja de terreno, calculable en quin-

tal y medio con valor de $15, cuyos hechos tuvieron lugar desde el día 28 de septiembre al 4 de octubre de 1917.

El demandado negó en su contestación los hechos fundamentales de la demanda y alegó que en el mes de agosto de 1917 hizo mensurar y levantar un plano por perito agrimensor, previa citación de todos los colindantes, entre éstos la demandante, de una finca de cuarenta cuerdas de su propiedad, habiendo procedido dicho agrimensor acompañado de los peones necesarios a poner estacones en la línea divisoria de la finca medida, a la vista y sin protesta alguna por parte de los colindantes, hecho lo cual y considerándose dueño de todo el terreno encerrado en el perímetro marcado por el agrimensor, empezó a cosechar el café y los demás frutos que habían dentro de ese terreno.

Celebrado el juicio la corte dictó sentencia en 4 de diciembre de 1917 declarando con lugar la demanda, con costas a cargo del demandado, y en la opinión que sirve de fundamento a dicha sentencia estima que se ha probado especialmente que la demandante Bernarda La O dentro de los cuatro meses anteriores a la presentación de la demanda y con motivo de una mensura hecha por agrimensor, fué privada por el demandado de la posesión de la faja de terreno como de 50 céntimos de cuerda que reclama, por actos fraudulentos o contra la voluntad y protestas de la demandante al verificarse la mensura del terreno y cuando se la desposeía de la parte que le correspondía.

El demandado apeló de la anterior sentencia y alega como motivo del recurso que la corte cometió error al aplicar la Ley No. 43 de 13 de marzo de 1913 a un caso como el presente en que con conocimiento y consentimiento de la demandante el demandado ocupó el terreno de que se trata.

El recurso propiamente se funda en que la corte cometió error en la apreciación de las pruebas al estimar que el demandado ocupó contra la voluntad de la demandante la faja de terreno de que se trata.

Hemos examinado las pruebas aportadas al juicio por ambas partes y ellas no demuestran el error cometido.

No hay cuestión alguna sobre la posesión en que estaba la demandante de la parcela de terreno que se describe en la demanda, pues el demandado admitió en el acto del juicio que la demandante tuvo esa posesión hasta que se practicaron los actos de mensura y deslinde de su finca de cuarenta cuerdas con citación de los colindantes.

También nos sentimos inclinados a admitir que tales actos de mensura y deslinde se practicaron sin oposición abierta, franca y decidida por parte de la demandante.

Lo que no se ha probado es que la demandante estuviera conforme en ceder al demandado la parcela de terreno que hasta entonces había poseído y que quedó encerrada dentro del perímetro del terreno mensurado y deslindado. Esa conformidad no era efecto necesario de la prestada para la mensura y deslinde, por más que acaso así lo creyera el demandado. El deslinde, como tiene declarado el Tribunal Supremo de España en sentencia de 3 de julio de 1884, no da ni quita derechos; deja intactas las cuestiones de posesión y propiedad y sólo sirve para el fin a que se dirige, esto es, para aclarar y fijar la división y límites de las heredades, evitar que se confundan o desaparezcan los antiguos linderos y prevenir los pleitos que de tal confusión pudieran originarse en lo sucesivo. Comentarios a la Ley de Enjuiciamiento Civil Española, por Don José Ma. Manresa y Navarro, tercera edición, tomo 6°., página 515.

De todos modos la demandante niega que estuviera conforme con la cesión y aunque esa negativa estuviera en contradicción con los testigos del demandado, lo que no aparece claramente, la corte resolvió el conflicto en favor de la demandante y no encontramos motivo bastante para ir contra su resolución.

La Ley No. 43 de marzo 13, 1913, que regula el presente

caso, interpretada en el caso de *Mattei* v. *Badillo*, 21 D. P. R. 171, ha sido rectamente aplicada.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.