ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| LUIS CANCEL GONZÁLEZ Y OTROS<br><br>Apelantes<br><br>v.<br><br>JOSÉ M. TORRES TORRES Y OTROS<br><br>Apelados | TA2025AP00430 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2025CV00004<br><br>Sobre: Acción de deslinde, servidumbre, daños y perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece la parte demandante y apelante, el Sr. Luis Cancel González., la Sra. Katherine Orama Rivera y la Sociedad Legal de Bienes Gananciales por ambos compuesta. Solicita nuestra intervención para revocar la *Sentencia* emitida el 6 de agosto de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI). En el aludido dictamen, el TPI desestimó la causa de acción civil incoada, al amparo de las Reglas 10.2 (5) y 36 de Procedimiento Civil, *infra.*

Anticipamos la confirmación del dictamen apelado, por los fundamentos que expondremos a continuación.

**I.**

La *Demanda* sobre deslinde, servidumbre, daños y perjuicios que dio inicio al caso del epígrafe se presentó el 8 de enero de 2025.[1] La acción civil se interpuso contra la parte demandada y apelada, conformada por el Sr. José Torres Torres, el Municipio de Utuado (Municipio), el Departamento de Recursos Naturales y Ambientales

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

(DRNA) por conducto del Estado Libre Asociado de Puerto Rico,[2] y una aseguradora de nombre desconocido. Los demandantes alegaron que adquirieron de First Bank una residencia ubicada en la Urbanización Pérez Matos de Utuado, que incluía un terreno, una casa y una entrada cercada. Según sus dichos, en el lado derecho del inmueble hay una entrada, que en el plano original correspondía a una calle municipal y un parque pasivo que nunca se construyó; y por el izquierdo, un cuerpo de agua del DRNA. En cuanto al Sr. Torres Torres, los demandantes indicaron que era titular de un terreno contiguo y sin estructura.

En síntesis, en la reclamación, los esposos Cancel Orama adujeron que contaban con una servidumbre de paso para acceder a su propiedad, en la cual instalaron un portón por motivos de privacidad y seguridad. En respuesta, narraron que el señor Torres Torres presentó el pleito UTL1402023-01438, al palio de la Ley Núm. 140 de 23 de julio de 1974, *Ley sobre Controversias y Estados Provisionales de Derecho,* 32 LPRA sec. 2871 *et seq.* El foro judicial intimado estableció un estado provisional de derecho en el que los demandantes estaban impedidos de obstruir el camino. A esos fines, ordenó la remoción del portón en un plazo de 15 días; y la eliminación de una columna construida en el área, en el término de un año.

Empero, los demandantes arguyeron que ni el portón ni la columna afectaban el predio del señor Torres Torres, toda vez que la servidumbre de paso servía para acceder a la propiedad de los esposos Cancel Orama. Por consiguiente, solicitaron presentar prueba pericial para demostrar que el portón instalado y la columna aludida no incidían en la cabida del predio del señor Torres Torres. Además, en la acción civil, imputaron al señor Torres Torres la comisión de actos temerarios y de mala fe, por lo que solicitaron el resarcimiento de $75,000.00.

---

[2] De conformidad con la *Sentencia* de 13 de diciembre de 2024, en el caso UT2024CV00335 que los esposos Cancel Orama incoaron en contra del señor Torres Torre, el TPI desestimó sin perjuicio la reclamación civil al determinar que el Municipio y el DRNA eran partes indispensables.

Observados varios procesos, innecesarios de pormenorizar, el 20 de marzo de 2025, el TPI notificó una *Sentencia Parcial* en la que acogió el desistimiento a favor del Municipio. Igualmente, el 10 de julio de 2025, se notificó otra *Sentencia Parcial*, por virtud de la cual se desistió la reclamación contra el DRNA.[3] Así, pues, el único demandado que restaba era el señor Torres Torres.

El 6 de mayo de 2025, el demandado instó una *Solicitud de desestimación*.[4] Unió a su petición los siguientes documentos:

(1) *Sentencia* de 29 de marzo de 1985, caso CS-84-23, *Rafael Torres Maldonado v. Arturo Pérez Cuevas*, sobre *injunction* posesorio. En este dictamen, el TPI adjudicó que "el predio de terreno en controversia al linde de la colindancia Este del demandado es un camino público el cual debe quedar libre al uso de las propiedades de ambos litigantes para acceso a sus propiedades, prohibiendo expresamente a las partes el que establezcan cualquier tipo de obstáculos que impidan el libre acceso a este camino".

(2) *Plano de inscripción para la segregación de un solar en [la] finca propiedad del Sr. Arturo Cuevas*, realizado por el Ing. José De Jesús Vázquez, aprobado por la extinta Administración de Reglamentos y Permisos (ARPe), mediante el cual se segregó un solar de 309.111 metros cuadrados.[5]

(3) *Certificación de Propiedad Inmueble 2024-034374-CERT*, suscrita por el registrador, Hon. Julio Feliciano Prieto; y los folios registrales correspondientes a la finca 29473, perteneciente a los esposos Cancel Orama, con la siguiente descripción en la primera inscripción de segregación:

Urbana: BARRIO VIVÍ ABAJO de Utuado. Solar A. Cabida: 309.111 Metros Cuadrados. Linderos: Norte,

---

[3] Entradas 21 y 48 de SUMAC.

[4] Entrada 27 de SUMAC.

[5] La finca matriz corresponde a la 19,098, tomo 385, folio 193, con una cabida de 880.95 metros cuadrados.

SERVIDUMBRE DE PASO DE LA CARRETERA ESTATAL 111. Sur, REMANENTE. Este, CAMINO Y TERRENOS DE LA URBANIZACIÓN PÉREZ MATOS. Oeste, QUEBARADA CANALIZADA. Esta finca se forma por SEGREGACIÓN de la inscrita con el número 19,098 al folio 90 del tomo 497 de Utuado. Aprobada esta SEGREGACIÓN por A.R.P.E. según plano inscrito en esta oficina bajo el #2124 DE ORDEN. Libre de cargas. Los esposos José Arturo Pérez Cuevas, con Seguro Social [ ], y Ana Amarilis Brugman Acevedo, con Seguro Social [ ], mayores de edad y vecinos de Utuado, P.R. adquirieron la totalidad de un pleno dominio de la finca matriz de donde esta finca procede, con carácter ganancial; y SEGREGAN PARA SÍ de dicha finca matriz la expresada anteriormente, de la cual solicitan su inscripción como finca nueva e independiente, tal y como ha quedado descrita al principio de este asiento con un valor de $1,000.00. En su virtud, inscribo a favor de los esposos JOSE ARTURO PÉREZ CUEVAS y ANA AMARILIS BRUGMAN ACEVEDO LA TOTALIDAD de esta finca en pleno dominio con carácter ganancial. Así resulta de copia certificada de la escritura número 23, otorgada el día quince de julio de mil novecientos noventa y nueve, en Utuado P.R. ante José Tomás Torres García, Notario. Presentado a las nueve horas diecinueve minutos de la mañana del veintiocho de octubre de mil novecientos noventa y nueve, asientos 71 del Diario 320. En Utuado a catorce de julio de dos mil.

En esencia, el señor Torres Torres aclaró que su predio no colindaba con el de los esposos Cancel Orama, sino que, acorde con la evidencia presentada, entre ambas propiedades existía un camino público que no le pertenecía a ninguna de las partes. Indicó que de las instancias registrales se establecían la cabida y los linderos de la finca 29473. Planteó, entonces, que los demandantes carecían de una causa de acción que ameritara la concesión de un remedio.

Los demandantes se opusieron a la desestimación de sus causas el 10 de junio de 2025.[6] Delimitaron la cuestión en controversia en torno a la colindancia y el acceso entre su propiedad y la del señor Torres Torres. Distinto a lo alegado en la *Demanda,* los esposos Cancel Orama, esta vez, sugirieron que fue el demandado el que instaló el portón en el área en disputa. A tales efectos, expresaron que el TPI debía resolver acerca de la obstrucción de la servidumbre, la apropiación indebida del

---

[6] Entrada 36 de SUMAC.

predio colindante y los daños y perjuicios por supuestos actos temerarios y de mala fe por parte del señor Torres Torres. Afirmaron también que el predio no era público, sino que pertenecía a una de las dos fincas.

El señor Torres Torres replicó y, entre otros asuntos, negó haber instalado el portón, sino que fue obra de los propios demandantes; e imputó temeridad a éstos quienes contradijeron las alegaciones de su reclamación.[7] Reafirmó que, de los documentos incluidos en su petición desestimatoria y otros que obran en el expediente,[8] surgía cuáles eran las dimensiones y las colindancias de la finca 29473; así como la naturaleza pública del camino en controversia. Los demandantes incoaron una dúplica, a la que anejaron unas fotografías y un *Plano de mensura*, fechado el 7 de mayo de 2025 y suscrito por el Agr. Milton González Fernandini.[9] Del documento se desprende que, a diferencia de la escritura que establecía una cabida de 309.111 metros cuadrados, el predio ocupado por los demandantes era de 544.4725 metros cuadrados; esto es, una diferencia de 235.3615 metros cuadrados. A base de la alegada discrepancia, adujeron que competía al TPI adjudicar los linderos de su propiedad, ya que ocupaban una cabida mayor a la que obraba en las instancias registrales. Establecieron que estaba en controversia la ubicación real de la franja de terreno en disputa y si ésta correspondía a alguna de las partes o a un tercero.

Justipreciadas las posturas, el 7 de agosto de 2025, el TPI notificó su dictamen final.[10] En éste, acogió la solicitud para desestimar como una petición de sentencia sumaria. El TPI dio crédito a la prueba de los autos sobre que el camino era público y a la *Sentencia* emitida en el caso UTL1402023-01438. Concluyó que los esposos Cancel Orama fueron quienes afectaron el paso a través de la instalación del portón. Con relación a la reclamación de daños y perjuicios, el TPI descartó que el

---

[7] Entrada 40 de SUMAC.
[8] Entrada 22 de SUMAC.
[9] Entrada 49 de SUMAC.
[10] Entrada 51 de SUMAC.

señor Torres Torres hubiera incurrido en persecución maliciosa. Enfatizó que el demandado en ambos pleitos había sido la parte prevaleciente. Por lo tanto, desestimó la *Demanda*.

Inconforme, los demandantes presentaron oportunamente una *Moción de Reconsideración*.[11] Sostuvieron que su finca colindaba con la del señor Torres Torres y que la acción de deslinde procedía. Alegaron que, de conformidad con el *Plano de mensura de 2025* provisto, existían unos linderos en línea recta que no concordaban con la realidad física observada, en referencia a la verja instalada. El señor Torres Torres se opuso e incluyó otro *Plano de segregación e inscripción*, realizado por el Ing. Jorge David Jordán el 22 de octubre de 1985, junto a la correspondiente aprobación de la ARPe el 18 de marzo de 1986 para la segregación de tres solares.[12] Impugnó el *Plano de mensura* de 2025 del agrimensor González Fernandini, incluido por los esposos Cancel Orama, del cual dijo que, de manera acomodaticia, el documento omitía el camino público. Manifestó que los demandantes habían reconocido que ocupaban ilegalmente bienes destinados al uso público, así como la construcción de inmuebles en terrenos de una quebrada canalizada que tampoco le pertenecían. Reiteró que las fincas no eran colindantes, ya que el camino público separaba ambas propiedades. El 10 de septiembre de 2025, el TPI declaró no ha lugar la solicitud para reconsiderar su decisión.[13]

Insatisfechos todavía, los esposos Cancel Orama apelaron la *Sentencia* ante nos y señalaron la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE UTUADO, AL DESESTIMAR LA DEMANDA AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL Y DETERMINAR QUE EL DEMANDADO NO ES COLINDANTE DEL DEMANDANTE.

---

[11] Entrada 52 de SUMAC.
[12] Entrada 54 de SUMAC.
[13] Entrada 55 de SUMAC.

El señor Torres Torres, a su vez, instó *Alegato de la parte apelada* el 19 de noviembre de 2025. Con el beneficio de ambas comparecencias, procedemos a resolver.

**II.**

**A.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo. S.*L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005). Por virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, nuestro ordenamiento procesal civil dispone de varios supuestos mediante los cuales una parte puede solicitar la desestimación de una acción en su contra. En particular, el inciso (5) de la norma procesal establece que procede la desestimación cuando la parte demandante deja de exponer una reclamación que justifique la concesión de un remedio. En estos casos, además, si se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 del mismo cuerpo legal procesal. *Id.*

Como se sabe, la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, gobierna el mecanismo de la sentencia dictada sumariamente. Esta herramienta procesal sirve al propósito de aligerar la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, siempre y cuando no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho. Véase, *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). De esta forma se propende a la solución justa, rápida y económica de los litigios de naturaleza civil en los cuales no exista una controversia genuina de hechos materiales. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2021). En este sentido, un hecho

material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas, supra,* pág. 110. Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

En cuanto a lo que nos compete, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y (2) únicamente podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y si el derecho se aplicó de forma correcta. *Vera v. Dr. Bravo,* 161 DPR 308, 334-335 (2004).

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor. En lo pertinente, dispuso que nuestra revisión es de *novo,* en la que examinamos el expediente de la manera más favorable a la parte que se opuso al dictamen abreviado. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Al dictar una sentencia sumaria, este tribunal deberá realizar un análisis dual que consiste en: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal; y (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Vera v. Dr. Bravo, supra,* pág. 333. Una vez realizado este análisis el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios

documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no procede. *Id.*, págs. 333-334.

**B.**

El Código Civil de 2020, 31 LPRA sec. 5311 *et seq.*, regula la acción de deslinde. Véanse, Arts. 828 al 831, 31 LPRA secs. 8111-8137. Mediante esta acción, se pueden determinar los linderos confundidos de dos predios colindantes. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006). El Artículo 830 del Código Civil, 31 LPRA sec. 8133, establece que "[e]l propietario tiene derecho a deslindar y a amojonar su predio, con citación de los dueños de los predios colindantes". La acción es imprescriptible. Art. 831 del Cód. Civil, 31 LPRA sec. 8134.

Conforme nuestro ordenamiento jurídico, la acción de deslinde se distingue por individualizar los inmuebles, sin determinar quién es su dueño ni auscultar la validez o la eficacia de los títulos. *Ramírez Quiñones v. Soto Padilla, supra*, pág. 159. Por ello, resulta harto conocido que la sentencia de deslinde sólo tiene el efecto de precisar las colindancias de las heredades contiguas; y no da ni quita derechos. *Ramírez Quiñones v. Soto Padilla, supra*, pág. 158; *Zayas v. Autoridad de Tierras*, 73 DPR 897, 901 (1952); *La O v. Rodríguez*, 28 DPR 636, 638 (1920). Al realizar un deslinde, éste "puede efectuarse por cualquier procedimiento técnico de agrimensura...". Art. 832 del Cód. Civil, 31 LPRA sec. 8135. "A falta de títulos suficientes, el deslinde puede efectuarse por lo que resulta de la posesión en que estén los colindantes". *Id.*

De otro lado, en lo concerniente a los hechos alegados,[14] el hoy derogado Código Civil de 1930 definía las servidumbres como un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a un dueño distinto. El predio a favor del que está constituida la

---

[14] Los esposos Cancel Orama adquirieron la propiedad el 18 de diciembre de 2015.

servidumbre es el dominante y el que la sufre el sirviente.[15] Art. 465 del Cód. Civil de 1930, 31 LPRA ant. sec. 1631. Es conocido que las servidumbres se consideraban indivisibles e inseparables de las fincas a las que pertenecían activa o pasivamente.[16] Arts. 470-471 del Cód. Civil de 1930, 31 LPRA ants. secs. 1636-1637.

Según el Artículo 468 del Código Civil de 1930, 31 LPRA ant. sec. 1634, las servidumbres podían ser continuas o discontinuas, así como aparentes o no aparentes y positivas o negativas.[17] Por igual, debido a la naturaleza de su origen, el ordenamiento clasificaba las servidumbres como legales o voluntarias.[18] Art. 472 del Cód. Civil de 1930, 31 LPRA ant. sec. 1638.

Con relación a su adquisición y extinción, las servidumbres continuas y aparentes podían adquirirse por título o prescripción adquisitiva de 20 años, desde el día en que el que haya aprovechado la servidumbre hubiere empezado a ejercerla sobre el predio sirviente (positiva); o desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal (acto obstativo) al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre (negativas).[19] Arts. 473-474 del Cód. Civil de 1930, 31 LPRA ants. secs. 1651-1652. Por su parte, las servidumbres continuas no aparentes y las discontinuas, fueran o no aparentes, sólo podían adquirirse en virtud de un título; a falta de éste, por la escritura de reconocimiento del dueño del predio sirviente o mediante una sentencia firme.[20] Arts. 475-476 del Cód. Civil de 1930, 31 LPRA ants. secs. 1653-1654. Finalmente, si bien el dueño del predio sirviente estaba impedido de menoscabar el uso de la servidumbre, ésta podía extinguirse bajo determinados supuestos.[21] Arts. 481 y 482 del Cód. Civil de 1930, 31 LPRA ants. secs. 1673 y 1681.

---

[15] Véase, Artículo 935 del Código Civil, 31 LPRA sec. 8501.
[16] Véanse, Artículos 939-940 del Código Civil, 31 LPRA secs. 8505-8506.
[17] Véase, Artículo 937 del Código Civil, 31 LPRA sec. 8503.
[18] Véase, Artículo 938 del Código Civil, 31 LPRA sec. 8504.
[19] Véase, Artículo 945 del Código Civil, 31 LPRA sec. 8522; el plazo se redujo a 15 años.
[20] Véanse, Artículos 944 y 946 del Código Civil, 31 LPRA secs. 8521 y 8523.
[21] Véanse, Artículos 953 y 964-969 del Código Civil, 31 LPRA secs. 8536 y 8561-8566.

**III.**

En la causa de autos, los apelantes alegan que el TPI incidió al desestimar su *Demanda* al palio de la Regla 10.2 de Procedimiento Civil, *supra,* y determinar que el señor Torres Torres no es su colindante. Arguyen que, de las señales físicas y los indicios posesorios mostrados en el *Plano de mensura de 2025* del agrimensor González Fernandini, surge que las fincas de ambos contendientes son contiguas, por lo que procede la acción de deslinde. Asimismo, defienden el valor probatorio de las fotografías y el documento por ellos provistos, ya que la descripción registral no constituye prueba absoluta de linderos. Apuntaron que el *Plano de mensura de 2025* del agrimensor González Fernandini establece elementos contradictorios en los linderos, que exigen un esclarecimiento.

Según esbozamos antes, el deslinde aspira establecer claridad y precisión entre linderos confundidos de dos predios colindantes, sin que se entienda que otorga o resta derechos a las partes. En este caso, sin embargo, los documentos fehacientes que obran en el expediente —*Plano de inscripción para la segregación...* del ingeniero De Jesús Vázquez y los folios registrales citados, por ejemplo— mediante los cuales se creó por segregación e inscribió la finca 29473, establecen que la finca 29473 tiene una cabida superficial de 309.111 metros cuadrados, al igual que el predio no colinda con la heredad del apelado. Indubitadamente, al Este de la finca 29473, el punto más cercano entre ésta y la perteneciente al señor Torres Torres, existe un camino público.

Somos del criterio que la ocupación de los apelantes sobre la franja destinada a uso público, que las fotografías y el *Plano de mensura de 2025* del agrimensor González Fernandini acreditan, no remedia la ausencia de justificación que atribuya a los apelantes la concesión de un remedio. Mucho menos les confiere autoridad para adjudicar *sua sponte* que el señor Torres Torres es titular de un predio colindante y, bajo este subterfugio, lo acumulen indebidamente en la acción de deslinde. Ciertamente, la discrepancia entre los planos no obedece a una

controversia real y sustancial de hechos, sino a que el agrimensor González Fernandini basó sus mediciones en meras observaciones de las condiciones existentes de la finca 29473. Aun cuando reconoció la discrepancia de la cabida consignada en la escritura *vis a vis* la ubicación de las verjas que muestran su diseño y las fotografías es evidente que el agrimensor González Fernandini omitió considerar el *Plano de inscripción para la segregación...* del ingeniero De Jesús Vázquez. Este documento consta la cabida inscrita de la finca 29473, al igual que el camino público en controversia está destinado a ese uso. Lo situación anterior se remonta a décadas previas, de conformidad con el *Mapa para tasadores* de 4 de abril de 1949, que denomina la vía pública como calle Las Palmas.[22] Así, pues, existe correspondencia de la cabida y los linderos entre el *Plano de inscripción para la segregación...* del ingeniero De Jesús Vázquez, aprobado por la ARPe, y la descripción registral de la propiedad de los apelantes. De estos documentos se desprende palmariamente que las fincas de los litigantes no son contiguas, toda vez que están separadas por un camino destinado al uso público.

Nótese también que la designación de bien público en los documentos fehacientes descarta que la franja en cuestión constituya, como se alega, una servidumbre de paso perteneciente a uno u otro de los contendientes. En todo caso, si consideráramos la alegación a favor de los apelantes, lo cual rechazamos por virtud de la evidencia presentada, el ordenamiento anterior y presente proscribe su menoscabo. Empero, en este caso, la determinación reiterada de la naturaleza pública del camino al Este de la finca 29473 respalda el estado provisional de derecho del caso UTL1402023-01438, en el cual se dispuso que los apelantes no pueden obstruir el camino público, por lo que están compelidos a remover el portón y la columna sitos en propiedad pública.

---

[22] Refiérase a la entrada 22 de SUMAC.

Luego de una evaluación puntillosa *de novo* de las alegaciones y los documentos que se presentaron en primera instancia, considerando los hechos y el derecho de la manera más favorable a favor de los esposos Cancel Orama, es forzoso colegir que no existe ninguna controversia real de hechos materiales sobre las colindancias entre los litigantes del epígrafe. Por el contrario, los documentos del expediente descartan la existencia de alguna controversia sobre los hechos esenciales alegados. El TPI acertó al concluir que la finca del señor Torres Torres no es contigua ni colinda con la finca 29473 de los esposos Cancel Orama, ya que ambos predios están separados por un camino identificado como público, que da acceso a los apelantes. Ante la inexistencia de confusión en las colindancias, el apelado fue acumulado indebidamente en una acción de deslinde y, bajo las condiciones justas, procede la desestimación de la acción en su contra.[23] En consecuencia, determinamos que el TPI no erró al dictar sumariamente la desestimación de la *Demanda* de autos.

## IV.

Por los fundamentos antes expuesto, confirmamos la *Sentencia* impugnada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] Véase, Regla 18 de Procedimiento Civil, 32 LPRA Ap. V, r. 18.