ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ESTANCIAS DE SIERRA MAESTRA CORP.<br><br>Parte Apelada<br><br><br>v.<br><br><br>LUZ DELIA CANDELARIO RIVERA Y PROVIDENCIA CANDELARIO RIVERA<br><br>Partes Apeladas<br><br><br>ANIBAL RUIZ ARROYO<br><br>Parte Apelante | TA2026AP00243 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br><br>Caso Núm.: AÑ2023CV00103<br><br><br><br><br>Sobre: Deslinde y acción reinvidicatoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Compareció ante este Tribunal la parte apelante, el Sr. Aníbal Ruiz Arroyo (en adelante, el "señor Ruiz Arroyo" o "Apelante"), mediante un recurso de apelación presentado el 6 de marzo de 2026. Nos solicitó la revocación de la *Sentencia Enmendada* y de la *Resolución* emitidas el 17 de diciembre de 2025 y 10 de diciembre del mismo año, respectivamente por el Tribunal de Primera Instancia, Sala Superior de Añasco (en adelante, el "TPI"). Ambos dictámenes fueron objeto de las correspondientes mociones de reconsideración, las cuales fueron declaradas "No Ha Lugar" por el TPI.

Por los fundamentos que expondremos a continuación, *confirmamos* ambas determinaciones.

**I.**

El caso de epígrafe tuvo su génesis el 27 de abril de 2023, ocasión en que Estancias de Sierra Maestra Corp. (en adelante, "Estancias")

presentó una "**Demanda**" contra la Sra. Luz Delia Candelario Rivera y la Sra. Providencia Candelario Rivera (en adelante, "señoras Candelario Rivera"), por deslinde y acción reivindicatoria. Mediante la misma, alegó que es dueña de cierta propiedad ubicada en los barrios Caracol y Quebrada Larga del Municipio de Añasco, cuya descripción lee como sigue:

> RÚSTICA: Porción de terreno radicado en los barrios Caracol y Quebrada Larga del término municipal de Añasco, P.R., con una cabida superficial de 159,096.33 mc. En lindes por el Norte, con Natividad Correa, Catalina Rosado, José Colon y José Soto; por el Sur, con Eduardo Rodríguez, Rosario Bianchi, Sucesión de F. Moreu, separados por una quebrada Antio Ramos y segregado por una quebrada en parte y terrenos del Estado Libre Asociado de P.R.; por el Este, con José Colon, José Soto, G. Crespo, Eduardo Rodríguez y Rosario Bianchi; por el Oeste con José A. Ramos y María T. Colon, con una quebrada, Rosario Bianchi, Alejandro Lorenzo, Santiago Rodríguez y la carretera estatal número dos (2). Dicha propiedad es el remanente de una finca que se formó por la agrupación de la finca 3,210, folio 102, finca 3,323.[1]

Asimismo, indicó que las señoras Candelario Rivera adquirieron por herencia un predio colindante con la propiedad previamente mencionada. Añadió que en dicho solar se ubica una estructura destinada a uso comercial que ha sido extendida, ocupando así parte de su terreno, específicamente, por los lados Sur y Este. Esbozó que las señoras Candelario Rivera cercaron una porción del terreno, lo que tuvo el efecto de obstaculizar el acceso al camino público. Argumentó, además, que las señoras Candelario Rivera se han extralimitado en ocupar terrenos que exceden los 1,000 metros que le corresponden mediante justo título y escritura pública. Afirmó que ha intentado dialogar de buena fe y reunirse con las señoras Candelario Rivera para realizar una mesura y deslinde de la propiedad, pero éstas se han negado y no han permitido que dicha labor sea realizada. En vista de lo anterior, le solicitó al Tribunal que declarara "Ha Lugar" la "**Demanda**" y ordenara la mensura, deslinde y reivindicación del predio objeto de la presente controversia.

En respuesta a lo anterior, el 7 de julio de 2023, las señoras Candelario Rivera presentaron su "**Contestación a la Demanda**" mediante la cual negaron la mayoría de las afirmaciones expuestas en su contra y

---

[1] *Véase*, SUMAC-TPI, Entrada Núm. 1.

aclararon que Estancias citó a una de ellas a la oficina de sus abogados de manera intimidatoria, sin advertirle de su derecho a asistir con su representación legal y acto seguido, radicó la "**Demanda**" sin ofrecerles posibilidad alguna de dialogar. Expusieron que Estancias no necesita autorización para realizar una mensura de su propio predio. Adujeron que la propiedad en cuestión tiene múltiples entradas debidamente legalizadas, incluyendo acceso directo a la carretera estatal número dos, por lo que no cabía alegar que dicho predio no tiene acceso a la vía pública. Entre las defensas afirmativas, incluyeron las siguientes: (1) Estancias actuó temerariamente, (2) aplicación de la doctrina de los propios actos, (3) la propiedad ha estado en su poder por más de cincuenta (50) años, y (4) usucapión. En sintonía con lo anterior, le solicitó al TPI que declarara "No Ha Lugar" la "**Demanda**".

Tras múltiples trámites procesales impertinentes a la controversia de autos, el 14 de mayo de 2025, el TPI emitió una *Sentencia* mediante la cual declaró "Ha Lugar" la "**Demanda**" reconociendo la titularidad de Estancias sobre la propiedad objeto de la controversia. En particular, concluyó que no se cumplieron los requisitos que dispone nuestro ordenamiento para que las señoras Candelaria Rivera adquirieran la referida propiedad mediante usucapión.

Inconformes con dicha determinación, las señoras Candelario Rivera presentaron un recurso de apelación ante este Tribunal, bajo el alfanumérico KLAN202500534. En detalle, sostuvieron que el TPI erró al: (1) adjudicar la titularidad del predio en controversia a Estancias; (2) no validar la aplicabilidad de la doctrina de usucapión; (3) no aplicar la acción de deslinde y la acción reivindicatoria; (4) determinar que hubo construcciones extralimitadas, sin establecerse claramente las colindancias. Así las cosas, el 26 de agosto de 2025, un panel hermano de este Tribunal dictó *Sentencia* confirmando la determinación del TPI. Sin embargo, tras acoger el recurso como un auto de *certiorari*, por concluir que no se finiquitaron todas las controversias planteadas ante el TPI, devolvió el caso a dicho foro para la celebración de una vista evidenciaria con el propósito

de dirimir un área superficial de 20 metros lineales que afectaba el área superficial de los terrenos en disputa, así como la cuantía del pago del terreno sobre el que se construyó de manera extralimitada parte del inmueble comercial. El 10 de septiembre de 2025, Estancias presentó una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" mediante *Resolución* de 17 de septiembre de 2025.

Posteriormente, el 14 de noviembre de 2025, el señor Ruiz Arroyo presentó una moción intitulada "**Urgente Moción en Intervención Asumiendo Representación Legal, Solicitud de Suspensión de Vista de Conformidad, y Solicitud de Término para Presentar Posición**" (en adelante, "Moción de Intervención") en la que sostuvo que la *Sentencia* emitida por el TPI afectaba directamente el establecimiento comercial construido y operado por él, así como los bienes pertenecientes a la Sociedad Legal de Gananciales habida entre éste y la Sra. Luz Delia Candelario Rivera. De igual forma, precisó que la referida edificación comercial fue construida con posterioridad a la compraventa de los 1,000 metros. Adujo, además, que, a pesar de ser parte indispensable en el caso, no fue incluido en el pleito. En vista de lo anterior, le peticionó al foro de instancia que permitiera su intervención en el litigio y dejara sin efecto la vista señalada por el TPI, en cumplimiento con el mandato de este foro. Sobre este particular, sostuvo que poseía un interés directo, real y actual sobre la controversia, pues el establecimiento comercial constituía un bien ganancial que se podía ver afectado por el dictamen que en su día emitiera el foro apelado.

Más adelante, tras la celebración de una vista, el 10 de diciembre de 2025, Estancias presentó una "**Moción Solicitando Desistimiento con Perjuicio de una Causa de Acción y que se Dicte Sentencia de Conformidad con la Prueba Estipulada Admitida**" mediante la cual destacó que las partes pudieron verificar los cuatro (4) puntos cardinales, según el plano estipulado y, a su vez, **constatar que la estructura comercial edificada en el terreno de las señoras Candelario Rivera no invadía ni ocupaba porción alguna del terreno perteneciente a**

**Estancias**. Igualmente, expresó que, dado a la estipulación del aludido plano, procedía que se adoptara el mismo para propósitos de delimitar los linderos, derechos y obligaciones de las partes. A tono con lo anterior, le solicitó al TPI que declarara "Ha Lugar" su solicitud de desistimiento en cuanto a la reclamación de construcción extralimitada y el pago del terreno ocupado.

Ese mismo día, Estancias presentó una "**Moción en Oposición de Intervención**" a través de la cual expresó que, luego de sometida la prueba por ambas partes, quedó evidenciado que el Apelante no constituía una parte indispensable en el pleito que ameritara su intervención. Asimismo, señaló que un perito competente y conocedor del terreno determinó que la estructura edificada en el terreno propiedad de las señoras Candelario Rivera no ocupaba ni invadía el terreno de Estancias. Así pues, arguyó que no existía justificación ni elementos jurídicos para sostener que el señor Ruiz Arroyo cumplía con los requisitos de parte indispensable dispuestos por nuestro ordenamiento legal.

El 10 de diciembre de 2025, el foro de instancia dictó una *Resolución* acogiendo el desistimiento de Estancias y declarando "No Ha Lugar" la *Solicitud de Intervención* presentada por el señor Ruiz Arroyo. Posteriormente, el 18 de diciembre de 2025, el TPI emitió una *Sentencia Enmendada* a los fines de aclarar que el aludido edificio comercial no ocupa los terrenos pertenecientes a Estancias y que fue construido dentro de los linderos pertenecientes a las señoras Candelario Rivera. Igualmente, destacó que el plano admitido como Exhibit 3 por estipulación y preparado por el Ing. Humberto Rivera Ayala constituía y establecía los linderos y puntos cardinales del predio de terreno de 1,000 metros de la propiedad de las señoras Candelario Rivera, por lo que acogió los mismos según se establecía en dicha pieza evidenciaria estipulada por las partes.

El 24 de diciembre de 2025, el señor Ruiz Arroyo presentó una "**Moción de Reconsideración sobre Determinación de Intervención**" mediante la cual alegó que la *Solicitud de Desistimiento* inducía a error y no representaba la realidad de lo sucedido en la reunión llevada a cabo el 2 de

diciembre de 2025. Sostuvo, además, que el TPI declaró "No Ha Lugar" su *Solicitud de Intervención* sin antes brindarle la oportunidad de fundamentar sus alegaciones y sin atender adecuadamente la naturaleza de los derechos propietarios y económicos involucrados.

El 2 de enero de 2026, el señor Ruiz Arroyo presentó una "**Moción de Reconsideración sobre Sentencia Enmendada**" en la cual argumentó que poseía un interés propietario, económico y contractual directo sobre el predio y la estructura objeto de la *Sentencia Enmendada*, incluyendo la explotación comercial del inmueble, los ingresos de arrendamiento y el uso histórico del terreno. Así pues, expuso que dicha determinación fue emitida en ausencia de una parte indispensable en clara violación al debido proceso de ley y en contravención de la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R 16.1.

Finalmente, el 4 de febrero de 2026, el foro *a quo* declaro "No Ha Lugar" las solicitudes de reconsideración interpuestas por el señor Ruiz Arroyo. Aun inconforme con lo anteriormente resuelto, el Apelante acudió ante nos mediante el recurso de epígrafe, en el que señaló la comisión de los siguientes errores:

> 1. ERRÓ EL TPI AL CONCLUIR QUE EL SR. RUIZ NO CONSTITUYE UNA PARTE INDISPENSABLE CONFORME LA REGLA 16.1 DE PROCEDIMIENTO CIVIL, A PESAR DE SU INTERÉS DIRECTO Y SUSTANCIAL EN EL INMUEBLE OBJETO DE LA CONTROVERSIA.
>
> 2. ERRÓ EL TPI AL MANTENER UNA VIGENTE LA SENTENCIA ENMENDADA QUE ADJUDICA DERECHOS SOBRE EL TERRENO EN CONTROVERSIA EN AUSENCIA DE UNA PARTE INDISPENSABLE, EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY.
>
> 3. ERRÓ EL TPI AL RESOLVER LA CONTROVERSIA SIN PERMITIR AL SR. RUIZ PRESENTAR PRUEBA DOCUMENTAL Y TESTIFICAL PERTINENTE SOBRE SU INTERÉS EN EL INMUEBLE EN CONTROVERSIA.

El 9 de marzo de 2026, emitimos *Resolución* mediante la cual le concedimos un plazo a la parte apelada para que presentara su alegato en oposición. Ha transcurrido en exceso del término provisto para ello, sin que la parte apelada haya cumplido o solicitado prórroga para comparecer.

En vista de lo anterior, resolvemos el recurso sin el beneficio de su comparecencia.

## II.

## A.

La Regla 16 de las de Procedimiento Civil establece el marco normativo aplicable a la figura de parte indispensable dentro de los procesos civiles. La misma dispone lo siguiente:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.

El propósito de la precitada regla es proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar multiplicidad de pleitos, para así emitir una determinación completa. FCPR v. ELA *et al*., 211 DPR 521, 531 (2023). La importancia de tal inclusión es de tal magnitud que nuestro más alto foro ha expresado que el planteamiento de falta de parte indispensable puede ser presentado por primera vez en apelación para ser considerado por el foro apelativo. RPR & BJJ Ex Parte, 207 DPR 389, 407, (2021). El "interés común" al que se refiere no es a "cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". Íd., pág. 408.

El Tribunal Supremo ha definido a una parte indispensable como aquella de la que no se puede prescindir, pues, sin su presencia las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados por una determinación judicial. RPR & BJJ Ex Parte, *supra*, pág. 407. Es tarea del tribunal determinar la necesidad de acumular a una parte por ser indispensable, pues lo fundamental es establecer "si el tribunal puede hacer justicia y conceder un remedio final y completo [a las partes presentes] sin afectar los intereses [de la parte] ausente". Íd., págs. 408-409 (citando a Pérez Rosa v. Morales Rosado, 172 DPR 216, 223 (2007)). Por ende, de concluir que dicha parte es necesaria en el pleito y no haberla incluido, el tribunal carece de jurisdicción y la

sentencia que se emita sin su presencia sería nula. <u>Watchtower Bible</u> *et al.* <u>v. Mun. Dorado I</u>, 192 DPR 73, 118 (2014).

**B.**

Es norma conocida que "[e]ntre las acciones protectoras del dominio figuran la acción reivindicatoria y la de deslinde". <u>Ramírez Quiñones v. Soto Padilla</u>, 168 DPR 142, 157 (2006). Por vía de la primera, el propietario reclama una cosa que le pertenece a aquél que la tenga o la posea. <u>Íd</u>. El promovente de esta acción deberá identificar adecuadamente el objeto, evidenciar su titularidad y demostrar que el demandado está indebidamente en posesión del mismo. Art. 741 del Código Civil, 31 LPRA sec. 7951. Lo anterior implica que el promovente de la acción está obligado a evidenciar su título y su reclamo no puede basarse en los defectos que tenga el título del demandado. <u>Castrillo v. Maldonado</u>, 95 DPR 885, 891-892 (1968). Cumplidos estos requisitos, le corresponde al demandado establecer su mejor título. <u>Ramírez Quiñones v. Soto Padilla</u>, *supra*, pág. 157.

De otra parte, "la acción de deslinde tiene el propósito de determinar los linderos confundidos de dos heredades contiguas". <u>Íd</u>. Esta acción está disponible a "todos los propietarios cuyas propiedades limítrofes tienen confundidos sus linderos por causas naturales, accidentes fortuitos o actos voluntarios de tercero, debiendo concurrir todos a un juicio…". <u>Íd</u>., pág. 158. Para que dicha acción proceda, el solicitante debe hacer constar en la demanda lo siguiente: (1) descripción de la propiedad; (2) el interés que la parte alega tener en ella; (3) el nombre de la persona en posesión de la propiedad; (4) la razón por la cual se solicita se haga el deslinde y (5) requerimiento hecho a la otra parte y negative de ésta. <u>Zalduondo v. Méndez</u>, 74 DPR 637, 641 (1953).

Así pues, una sentencia en un caso sobre acción reivindicatoria lo que hace es declarar el derecho del demandante y ordena al demandado a entregar la posesión de la cosa. <u>Íd</u>. Por su parte, una sentencia de deslinde "tiene el único efecto de precisar las colindancias de determinados inmuebles". <u>Íd</u>. Dicha sentencia "no da ni quita derechos". <u>La O v. Rodríguez</u>, 28 DPR 636, 638 (1920).

**III.**

En el presente caso, el Apelante nos solicitó la revocación de la *Sentencia Enmendada* mediante la cual el foro apelado estableció los linderos de las propiedades en controversia y de la *Resolución* del TPI en la que se declaró "No Ha Lugar" su *Moción de Intervención.*

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se tratarán de manera conjunta en la discusión. En síntesis, el señor Ríos Arroyo sostiene que el TPI erró al: (1) concluir que no es parte indispensable, a pesar de su interés directo y sustancial en el inmueble objeto de la presente controversia y (2) dictar la *Sentencia Enmendada* sin permitirle presentar prueba documental y testifical sobre su interés en el inmueble. Veamos.

Del expediente ante nuestra consideración surge que el 27 de abril de 2023, Estancias presentó una "**Demanda**" contra las señoras Candelario Rivera sobre deslinde y acción reivindicatoria, alegando que éstas habían ocupado una extensión de terreno mayor a los 1,000 metros que les correspondían, conforme a su justo título y escritura pública. Luego de varios trámites procesales, el 14 de mayo de 2025, el TPI declaró "Ha Lugar" la reclamación y reconoció la titularidad de Estancias sobre la porción de terreno en controversia.

Inconformes con dicha determinación, las señoras Candelario Rivera acudieron en apelación ante este Tribunal. Tras evaluar la prueba presentada, un panel hermano de este foro apelativo confirmó dicha determinación del TPI y devolvió el caso al foro de instancia para la celebración de una vista evidenciaria en la que se debía presentar prueba relacionada con el área superficial de 20 metros lineales y el valor correspondiente por el terreno presuntamente ocupado de manera extralimitada por parte del inmueble comercial. Posteriormente, el 14 de noviembre de 2025, el señor Ruiz Arroyo presentó una *Moción de Intervención* alegando que el dictamen del TPI afectaba el establecimiento comercial que construyó y opera, así como los bienes de la sociedad legal de gananciales que mantiene con la Sra. Luz Delia Candelario Rivera.

Más adelante, el 10 de diciembre de 2025, Estancias presentó una *Moción de Desistimiento* de la reclamación relacionada con la construcción extralimitada y el pago del terreno ocupado. Señaló que las partes pudieron corroborar, conforme al plano estipulado, los puntos cardinales del predio y constatar que la estructura comercial no invadía terrenos pertenecientes a Estancias. Es decir, desistió de la acción reivindicatoria y mantuvo la acción de deslinde incoada.

Ese mismo día, el TPI emitió una *Resolución* declarando "No Ha Lugar" la solicitud de intervención del señor Ruiz Arroyo. Posteriormente, el 17 de diciembre de 2025, el foro de instancia dictó una *Sentencia Enmendada* en la que aclaró que el edificio comercial no ocupaba terrenos de Estancias y que el plano preparado por el Ing. Rivera Ayala, admitido por estipulación como Exhibit Núm. 3, establece los linderos y puntos cardinales del predio de 1,000 metros perteneciente a las señoras Candelario Rivera.

Conforme adelantáramos en los acápites anteriores, la Regla 16 de las de Procedimiento Civil, *supra*, establece que aquellas personas que posean un interés tal que, sin su comparecencia, no pueda resolverse adecuadamente la controversia, deben ser incluidas en el pleito, ya sea como demandantes o demandadas, según corresponda. En ese contexto, se considera parte indispensable a aquélla cuya presencia resulta necesaria e ineludible, pues su ausencia impide adjudicar correctamente las cuestiones en litigio, ya que cualquier determinación judicial podría afectar sus derechos. RPR & BJJ Ex Parte, *supra*, pág. 407. Lo anterior, porque poseen un interés o derecho que se pudiera ver afectado por el desenlace del caso.

Tras un análisis detenido y sosegado del expediente ante nuestra consideración, incluyendo la *Moción de Intervención*, su correspondiente Oposición, la *Sentencia Enmendada* y la *Resolución* recurrida, hemos arribado a la conclusión de que el TPI actuó correctamente al no permitir la intervención del señor Ríos Arroyo en el pleito y proceder a dictar la *Sentencia Enmendada*. Nos explicamos.

De entrada, es menester destacar que la reclamación que, en teoría, pudiera incidir sobre la estructura comercial, esto es, la alegada construcción extralimitada y el pago del terreno ocupado con la correspondiente reivindicación, fue posteriormente objeto de desistimiento por parte de Estancias. En efecto, tras la celebración de una vista, las partes pudieron constatar, conforme al plano estipulado, que la estructura comercial no invadía ni ocupaba porción alguna del terreno perteneciente a Estancias. A tono con lo anterior, el TPI emitió una *Sentencia Enmendada* en la que aclaró expresamente que el referido edificio comercial no ocupaba terrenos de la Apelada, ello en respuesta a la *Solicitud de Desistimiento* de la acción reivindicatoria que presentó Estancias. Nótese, pues, que tras el desistimiento de la acción reivindicatoria cualquier efecto sobre el alegado interés propietario del Apelante que pudiera haberse visto vulnerado con la determinación del foro apelado dejó de existir, toda vez que no queda pendiente trámite alguno que atente con despojarlo del terreno en el que está sito su negocio. Esto es, el referido desistimiento dejó sin efecto uno de los requisitos esenciales de la figura de reivindicación, a saber: acreditar que la propiedad está indebidamente en posesión del demandado. Ramírez Quiñones v. Soto Padilla, *supra*, pág. 157.

Asimismo, el foro de instancia dispuso que el plano preparado por el Ing. Rivera Ayala, admitido por estipulación como Exhibit Núm. 3, constituye el documento que establece y delimita los linderos y puntos cardinales del predio de terreno de 1,000 metros perteneciente a las señoras Candelario Rivera. De esta manera, mediante dicha determinación, quedaron delimitados los predios objeto de la controversia y resuelto el asunto relativo al deslinde entre las propiedades.

En ese contexto, tampoco surge del expediente que el señor Ríos Arroyo ostente titularidad sobre el predio cuya delimitación fue objeto del pleito y sobre el cual lo único que se dispuso por vía de la *Sentencia Enmendada* fueron los linderos. **Es decir, la cabida del inmueble desde donde opera el negocio el Apelante permanece intacta**. Dicho de otro modo, por reconocimiento mismo del Apelado, el Apelante no está

indebidamente en posesión del terreno de Estancias. Además, las titulares del predio de 1,000 metros lo son las señoras Candelario Rivera, quienes sí figuran como parte en el litigio. Por consiguiente, cualquier determinación relacionada con la delimitación de linderos recae directamente sobre los derechos propietarios de éstas y no sobre el Apelante.

Si bien el señor Ríos Arroyo alegó que la *Sentencia Enmendada* podía incidir sobre el establecimiento comercial que construyó y opera, lo cierto es que el propio foro primario determinó, a base de la prueba presentada y del plano admitido por estipulación, que dicha estructura no invade terrenos pertenecientes a Estancias, esto tras el reconocimiento expreso de la Apelada de que dicha porción del predio no estaba ubicada dentro de su propiedad. Así, la determinación judicial emitida no incide sobre derecho propietario alguno que requiera su participación en el litigio. De hecho, luego del desistimiento de la acción reivindicatoria por parte de Estancias, la única acción que quedaba pendiente de adjudicar era la acción de deslinde. Siendo ello así, la acción que el TPI adjudicó mediante la *Sentencia Enmendada* "no quitó ni otorgó derecho alguno" que pudiera verse afectado. *Véase*, La O v. Rodríguez, *supra*, pág. 638.

En suma, somos de la opinión de que no se configuró ningún supuesto contemplado en la Regla 16 de Procedimiento Civil, *supra*, para considerar al Apelante una parte indispensable en el pleito. En consecuencia, su ausencia no impidió la adjudicación completa y adecuada de la controversia ni menoscabó derecho alguno que requiriera su comparecencia en el caso. No erró el foro apelado.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* los dictámenes emitidos por el TPI.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones